Affirmed and Opinion filed January 9, 2003









Affirmed
and Opinion filed January 9, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01018-CR

____________

 

JESUS ALEJANDRO VASQUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal Court at
Law No. 5

Harris County, Texas

Trial Court Cause No. 1050521

 



 

M E M O R A N D U M   O
P I N I O N

Appellant was found guilty of possession of marijuana, a
class B misdemeanor, and sentenced to 180 days in jail and a $2,000 fine.  On appeal, appellant complains that the trial
court abused its discretion by (1) allowing a custodial statement in evidence,
(2) allowing jail cards in evidence without requiring a proper predicate to
prove that the business records exception applied, and (3) allowing irrelevant
judgments and sentences in evidence.  We
affirm.








FACTUAL AND PROCEDURAL BACKGROUND

Officer Peloquin and another police officer were
investigating a fellow officer=s home burglary and had received information that appellant
might be involved with the theft.  As the
two officers approached appellant=s house they noticed a parked car and
smelled burning marijuana coming from the car. 
One officer witnessed appellant smoking a lit marijuana cigarette, and,
upon a search, the officers found a bag of marijuana in the car.  After detaining appellant and his friend,
appellant asked to speak to Officer Peloquin. 
Appellant told the officer he knew where the police vest was located,
and if the officer would drop all charges, he would show the officer where the
vest was.  Officer Peloquin agreed not to
charge him for theft of the vest, but not the anticipated charge for possession
of marijuana.  Appellant agreed and
showed the officers where the vest was hidden. 


Ultimately, appellant was tried for the possession of
marijuana and was found guilty by a jury. 
During the punishment phase, the State offered appellant=s statement regarding the vest.  The defense objected, but the trial court
admitted the evidence.  The State also
wanted to show that appellant had six prior convictions.[1]  However, because the fingerprints on
appellant=s previous judgments and sentences
were unidentifiable, the State attempted to admit the jail cardsCwhich contained identifiable
fingerprintsCfor each of the prior
convictions.  The State intended to match
the cause numbers on the jail cards to the cause numbers on the judgments and
sentences, thereby proving that appellant had committed the previous crimes.  








Appellant objected to both the jail cards and the judgments
and sentences.  As to the jail cards, he
objected that no predicate was laid; with regard to the judgments and
sentences, he objected that they were irrelevant.  The trial court overruled the objections and
admitted the evidence.  Later during the
defense=s presentation during punishment,
appellant testified and admitted cooperating with the police and admitted he
was the same individual convicted of the six previous crimes.

DISCUSSION

Appellant raises three points of error.  In his first issue, appellant contends his
statement should not have been admitted because he was in custody without a Miranda
warning.  Second, appellant complains the
court erred in admitting the jail cards without the predicate to the business
record exception.  Finally, appellant
asserts the judgment and sentences were irrelevant and should not have been
admitted in evidence.

1.         Statement by
Appellant

First, appellant contends his statement while in custody, without
a Miranda warning, should have been inadmissible.[2]  Generally, the use of statements arising from
custodial interrogation and obtained without complying with statutory
safeguards is precluded.  Tex. Code Crim. Proc. Ann. art.
38.22.  However, the admission of a
statement that does not Astem from custodial interrogation@is not barred.  Tex.
Code Crim. Proc. Ann. art. 38.22, ' 5. 
While the State concedes appellant was in custody when he made the
comments to Officer Peloquin, the focus is whether the statement given was the
result of a custodial interrogation.  We
hold it was not.








For Miranda warnings to apply, more than just custody
is neededCinterrogation is required.  Griffith v. State, 55 S.W.3d 598, 603
(Tex. Crim. App. 2001).  Custodial
interrogation is Aquestioning initiated by law enforcement officers after a
person has been taken into custody or otherwise deprived of his freedom of
action in any significant way.@  Miranda v. Arizona,
384 U.S. 436, 444 (1966); State v. Waldrop, 7 S.W.3d 836, 839 (Tex. App.CAustin 1999, no pet.).  Interrogation must reflect Aa measure of compulsion above and
beyond that inherent in custody itself.@ 
Smith v. State, 60 S.W.3d 885, 889 (Tex. App.CAmarillo 2001, no pet.); see also
Rhode Island v. Innis, 446 U.S. 291, 300 (1990) (holding that any statement
given freely and voluntarily without any compelling influences is admissible in
evidence). 

Here, appellant was not subjected to interrogation.  Appellant voluntarily initiated the
conversation, asking to speak to Officer Peloquin.  Moreover, 
appellant voluntarily said to the officer AI know where the vest is, if you=ll let me go.@ 
Officer Peloquin did not question appellant about the vest, or compel
him to give this statement.  There was no
interrogation by police, no coercion by the officers, and no compulsion to give
the statement.  

2.         Predicate of
Business Record Exception to Jail Cards

Second, appellant complains the predicate to the business
record exception was not met before appellant=s jail cards were admitted at the
punishment phase.  Tex. R. Evid. 803(6).  For the exception to be met, four elements
must be satisfied by the person offering the evidence: (1) the record must be
made at or near the time of the event; (2) the record must be made by a person
with knowledge; (3) the record must be kept in the regular course of business,
and (4) it must be a regular practice to make the record.  Id.; see also Perry v. State,
957 S.W.2d 894, 899 (Tex. App.CTexarkana 1997, pet. ref=d). 
Appellant contends the State did not satisfy two requirements:  that a person with knowledge made the record,
and that it was a regular practice to make the record.

The State attempted to lay the predicate to the business
record exception in the following way:

Q.        What does a
person who works in the Inmate Records Division do?

A.        We process
paperwork pertaining to inmates that are currently in our jail or have been in
our jail before.  We also process all the
paperwork pertaining to court proceeding like this.  

MS. SHERMAN:       May I
approach the witness, Your Honor?

THE COURT:            Yes.








(BY MS. SHERMAN):         I=m going to show you what=s been marked as State=s Exhibit A2 through F2 and ask you
if you recognize these?  

A.        Yes.

Q.        What are they?

A.        They=re certified copies of jail cards I
brought with me.

Q.        Okay.  And the jail cards that you brought with you,
are those kept in the regular course of business in your job?   

A.        Yes, they are.

Q.        Are the
entries on those made at or near the time of the happenings or the events they
reflect?   

A.        Yes, they are.

Q.        Okay.  And did you say that those are certified or
exact copies?

A.        Yes.  These are certified copies of the original.

At this point the State offered the jail cards in evidence, and the
defense objected because of lack of proper predicate.  The trial court admitted the jail cards.  

We agree that the State did not make the proper business
record predicate.  The State failed to
establish that the jail cards came from a Aperson with knowledge.@ 
See Tex. R. Evid. 803(6);
see also Knox v. Taylor, 992 S.W.2d 40, 64 (Tex. App.CHouston [14th Dist.] 1999, no pet.)
(holding even when the witness testified he was the custodian of records and
answered the other three business record exception questions, the proper
predicate was not established). 
Additionally, the State did not establish that it was a regular business
practice for the State to make the jail cards.








Nonetheless, any error in allowing the jail cards in evidence
is harmless.  A[T]he improper admission of evidence
does not constitute reversible error if the same facts are shown by other
evidence which is not challenged.@ 
Leday v. State, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998)
(citing Crocker v. State, 573 S.W.2d 190, 201 (Tex. Crim. App.
1978)).  It does not matter whether the
evidence was admitted before or after the error, and it does not matter whether
the evidence was introduced by the defense or the State.  Leday, 983 S.W.2d at 718.  The State=s purpose in admitting the jail cards
was to link appellant with several other crimes.  When appellant took the stand in
cross-examination, he fully admitted he was the same individual convicted of
the six previous crimes.  Therefore, any
harm that occurred by allowing the jail cards in evidence was cured with
appellant=s testimony.

3.         Relevance of
Judgments and Sentences

Finally, appellant argues that allowing the prior judgments
and sentences in evidence during the punishment phase was error because they
were irrelevant.  Relevant evidence is Aevidence having any tendency to make
the existence of any fact that is of consequence to the determination of the
action more probable or less probable than it would be without the evidence.@ 
Tex. R. Evid. 401.  A trial court has broad discretion in
determining the admissibility of evidence presented at the punishment phase of
trial.  See Moreno v. State, 1
S.W.3d 846, 861 (Tex. App.CCorpus Christi 1999, pet. ref=d). 
The code of criminal procedure permits trial courts to admit evidence
deemed relevant to sentencing, including evidence of other crimes or bad acts,
if it would assist the fact finder in determining the appropriate
sentence.  See Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1); Rogers v. State, 991
S.W.2d 263, 265 (Tex. Crim. App. 1999).  

As described above, the State introduced the judgments and
sentences to inform the jury that appellant had six prior convictions.  This information is highly relevant for
assessing punishment.  The trial court
did not abuse its discretion when it allowed this information into evidence.








However, even assuming the judgments were irrelevant, the
appellant must establish harmful error. 
The appellant simply argues the judgments and sentences were irrelevant
and harmful.  He does not point this
Court to any evidence of harm. 
Additionally, appellant testified that he was convicted of the same
offenses depicted in the judgment and sentences.  Again, as discussed above if the same facts
are admitted without objection, no harm occurs. 
Therefore, we find the judgment and sentences were relevant, and even in
the alternative, error was harmless.

We overrule all three of appellant=s issues, and affirm the judgment of
punishment assessed by the jury.

 

 

/s/        Wanda McKee
Fowler

Justice

 

 

 

 

 

 

 

 

 

 

Judgment rendered and Opinion filed January 9, 2003.

 

Panel consists of Chief Justice Brister, Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P.
47.2(b).

 











[1]  These six
crimes involved two convictions for felony possession of marijuana, two
convictions for driving with a suspended license, and a conviction each for
reckless conduct and evading arrest. 





[2]  Because
Officer Peloquin testified that he did not know if appellant was read his Miranda
warning, we will assume appellant was not adequately warned.