NO. 12-03-00014-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BRIAN PAUL THOMPSON,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY CRIMINAL COURT #4


THE STATE OF TEXAS,

APPELLEE
§
 TARRANT COUNTY, TEXAS

 

MEMORANDUM OPINION


 Brian Paul Thompson ("Appellant") appeals his conviction for driving while intoxicated. 
In his sole issue on appeal, Appellant argues the trial court erred by failing to exclude hearsay
evidence. We affirm.


Background

 On October 16, 2001, Sergeant Anthony Neal Maranto ("Maranto") was working for the
North Richland Hills Police Department as a patrol officer. While on patrol at approximately 12:45
a.m., Maranto observed a white 2001 Chevy Blazer in a commercial business parking lot. Maranto
continued patrolling eastbound on Bedford Euless Road in North Richland Hills, Tarrant County,
Texas. Later, Maranto noticed the same vehicle heading east on Bedford Euless Road behind him.
Maranto identified Appellant as the driver of the vehicle. After observing Appellant's vehicle
behind him, Maranto made two U-turns in order to follow the vehicle, and activated his on-board
video camera. According to Maranto, he observed Appellant fail to maintain a single lane while
behind the patrol car, and fail to signal a lane change while being followed by Maranto, both traffic
violations. Maranto activated his flashing strobe lights, and Appellant stopped in a parking lot off
the access road. 

 During the stop, Maranto conducted three field sobriety tests. According to Maranto,
Appellant performed poorly on all three tests and was arrested for driving while intoxicated. After
being placed in custody and transported to the North Richland Hills police station, Appellant refused
to provide a breath specimen, and again performed poorly on the three field sobriety tests. Further,
Appellant's responses to Maranto's questions caused Maranto to believe that Appellant had lost
"some" of his mental faculties. Appellant was charged by information with driving while
intoxicated, a class B misdemeanor, on or about October 16, 2001. (1) Appellant pleaded "not guilty"
and a jury trial began on November 11, 2002. 

 Before testimony began, Appellant objected to Maranto's oral commentary that was recorded
on the patrol car's on-board video camera while Maranto was following Appellant. During the
commentary, Maranto described Appellant's conduct as he drove and also identified each traffic
violation he believed Appellant had committed. Appellant declared that these observations
constituted an inadmissible police report. Further, Appellant objected to the observations as being
hearsay, a self-serving declaration, and redundant. The State responded that Maranto's observations
went to the basis of the stop. The court overruled Appellant's objection. At trial, Maranto testified
that he watched from his side and rearview mirrors and saw the vehicle behind him, driven by
Appellant, "weave once out of the lane and then back over to the opposite lane marker." However,
he could not tell if the vehicle went on or over the center turn lane line. Further, he drew a diagram
of the street, demonstrating and explaining the movement of the vehicle behind him on the road. 
Maranto also testified that there was no other traffic in the area. He also stated that, after signaling
a left turn onto the access road, the vehicle failed to signal a lane change on the access road.

 When the State requested admission of the videotape during trial, Appellant renewed his
earlier objections to the videotape. Outside the presence of the jury, the court determined that certain
audio portions of the videotape should not be heard by the jury. During the discussion, Appellant
called the court's attention to a remark Maranto made to another officer, recorded on the videotape,
that Appellant was "pretty toasty." Appellant argued that the remark was designed to inflame rather
than serve as a commentary on actual observations. The court overruled his objection and declared
that Maranto's remark did not meet the definition of hearsay. However, Appellant responded that
he did not object to Maranto's comment as hearsay, but that it was inflammatory. The court again
overruled Appellant's objection. After determining which parts of the audiotape should not be heard
by the jury, the State again moved for the videotape's admission. At that time, Appellant reurged
his previous objections to the videotape. 

 A portion of the videotape that was shown to the jury reveals that, after turning around to
follow Appellant, Maranto stated that the vehicle behind him had "weaved over to-just over the line
into the right-hand lane and then weaved all the way over to the left-hand line mark in the center turn
lane." However, this alleged traffic violation cannot be seen from the videotape. In the videotape,
Appellant signaled a left turn onto the access road, but failed to signal a lane change while
continuing on the access road. This violation was not noted by Maranto in his commentary. In sum,
the videotape confirmed that Appellant failed to signal a lane change, but did not confirm that he
failed to maintain a single lane.

 In the jury charge, the jury was instructed that, if they found that Appellant "did not fail to
drive as nearly as practical entirely within a single lane and did not move from the lane unless that
movement could be made safely; and [Appellant], while changing lanes, did not fail to properly use
his turn signal immediately preceding his stop and detention by the police officer involved herein,
or if [the jury has] a reasonable doubt thereof," then the stop was illegal. If the jury so found, they
were instructed to disregard the testimony of Maranto regarding his stop of Appellant, his
conclusions as a result thereof, and any evidence obtained or derived by Maranto or any other person
as a result of the stop and detention. Thereafter, on November 12, 2002, a jury found Appellant
guilty as charged in the information, and the court assessed punishment at 120 days in jail and a fine
of $600.00. However, the court suspended imposition of the sentence and placed Appellant on
community supervision for twenty-four months. This appeal followed.


Admissibility of Audio Recordings of In-Car Camera

 Appellant argues that the trial court erred by admitting certain portions of the audio recording
from the videotape in Maranto's patrol car. Moreover, Appellant contends that the audio portions,
including Maranto's observation that Appellant was "pretty toasty," were the functional equivalent
of a police report or hearsay. Further, Appellant argues that the trial court's error was not harmless
because it affected a substantial right. The State contends that Appellant's complaint on appeal does
not comport with his objection at trial and, thus, he has failed to preserve error.

Maranto's "Toasty" Comment

 In order to present an issue for appellate review, the record must show that a complaint was
made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). The
request, objection, or motion must state the grounds for the ruling that the complaining party sought
from the trial court with sufficient specificity to make the trial court aware of the complaint. Tex.
R. App. P. 33.1(a)(1)(A). Additionally, the point of error on appeal must correspond with the
objection made at trial. Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); Coffey v.
State, 796 S.W.2d 175, 179-80 (Tex. Crim. App. 1990). An objection at trial stating one legal theory
may not be used to support a different legal theory on appeal. Broxton, 909 S.W.2d at 918 (quoting
Johnson v. State, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)); Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990).

 At trial, Appellant objected to Maranto's "pretty toasty" remark, contending that it was
inflammatory. Appellant specifically denied that he had objected on the basis of hearsay. On appeal,
Appellant identified Maranto's "pretty toasty" remark as error, arguing that the remark is hearsay.
Because Appellant's objection at trial varies from his complaint on appeal, he has failed to preserve
error and presents nothing for our review.

Maranto's Commentary

 In considering a trial court's ruling on the admissibility of evidence, a reviewing court must
determine whether the trial court abused its discretion. Willover v. State, 70 S.W.3d 841, 845 (Tex.
Crim. App. 2002). An appellate court must uphold the trial court's ruling if it is reasonably
supported by the record and is correct under any theory of law applicable to the case. Id. Further,
the trial court's ruling must be evaluated in light of what was before the trial court at the time the
ruling was made. Id. 

 "Hearsay" is a statement, other than one made by the declarant while testifying at the trial
or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d).
Hearsay is not admissible unless it comes within an exception prescribed by statute or the Texas
Rules of Evidence. Tex. R. Evid. 802; see Perry v. State, 957 S.W.2d 894, 896 (Tex. App.-
Texarkana 1997, pet. ref'd). One exception to hearsay includes public records, reports, statements,
or data compilations setting forth matters observed pursuant to a legal duty to report such matters. 
Tex. R. Evid. 803 (8)(B); McLeod v. State, 56 S.W.3d 704, 710 (Tex. App.-Houston [14th Dist.]
2001, no pet.). However, in criminal cases, matters observed by police officers and other law
enforcement personnel are excluded from this exception. Tex. R. Evid. 803 (8)(B). "This limitation
is based on the presumption that observations by an officer at the scene of a crime are not as reliable
as observations by other public officials." Perry, 957 S.W.2d at 898-99. This perceived unreliability
is due to the adversarial nature of encounters between the defendant and the police in the criminal
context. Id. at 899.

 Maranto's commentary on the audio portion of the videotape while following Appellant is
hearsay because the observations were not made by Maranto while testifying at trial, and were
offered to prove that Maranto had probable cause to stop Appellant. Further, Maranto's comments
are matters observed by a police officer in a criminal case. Thus, these remarks are excluded from
the public records exception for admission at trial. Because Maranto's remarks are hearsay and do
not fall within an exception to the rule, the trial court erred in admitting his commentary on the audio
portion of the videotape recorded while following Appellant. However, we must perform a harm
analysis to determine if the trial court committed reversible error.

 "The admission of inadmissible hearsay constitutes non-constitutional error." Lee v. State,
21 S.W.3d 532, 538 (Tex. App.-Tyler 2000, no pet.) (citing Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998)). An appellate court must disregard non-constitutional errors that do not
affect substantial rights. Tex. R. App. P. 44.2(b); see Lee, 21 S.W.3d at 538. A substantial right is
affected when the error had a substantial and detrimental effect or influence in deciding the jury's
verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). "If one cannot say that the
judgment was not substantially swayed by the error, it is impossible to conclude that substantial
rights were not affected." Lee, 21 S.W.3d at 539 (citing Fowler v. State, 958 S.W.2d 853, 865 (Tex.
App.-Waco 1997), aff'd, 991 S.W.2d 258 (Tex. Crim. App. 1999)). In other words, the error is
harmful if there is a reasonable likelihood that the evidence, either alone or in context, moved the
jury from a state of nonpersuasion to one of persuasion beyond a reasonable doubt. Cardenas v.
State, 971 S.W.2d 645, 651 (Tex. App.-Dallas 1998, pet. ref'd) (citing Jones v. State, 833 S.W.2d
118, 127 (Tex. Crim. App. 1992)). However, if the error did not influence or had only a slight
influence on the verdict, then the error is harmless because no substantial rights of the defendant
were affected. Lee, 21 S.W.3d at 539. Further, if the fact to which the hearsay pertains is
sufficiently proved by other competent and unobjected-to evidence, admission of the hearsay is
properly deemed harmless and does not constitute reversible error. Anderson v. State, 717 S.W.2d
622, 627 (Tex. Crim. App. 1986); see Matz v. State, 21 S.W.3d 911, 912-13 (Tex. App.-Fort Worth
2000, pet. ref'd) (concluding that any error in admitting a videotape must be disregarded because the
videotape was "cumulative" of the alleged victim's properly admitted testimony on the same issue);
Perry, 957 S.W.2d at 900.

 First, we consider the trial court's error in admitting that portion of Maranto's commentary
of events occurring after he began following Appellant. The videotape shows Appellant's failure
to signal a lane change on the access road. Maranto testified that Appellant failed to signal a lane
change on the access road in North Richland Hills. Appellant did not object to Maranto's testimony
or to the video portion of the patrol car's recording. Because the fact that Appellant failed to signal
a lane change is sufficiently proved by the videotape and Maranto's testimony, the admission of that
portion of Maranto's commentary of events occurring after he began following Appellant does not
affect Appellant's substantial rights. See Matz, 21 S.W.3d at 912-13. Therefore, the trial court's
error is harmless, and does not constitute reversible error.

 Finally, we consider the trial court's error in admitting that portion of Maranto's commentary
of events occurring while Appellant's vehicle was behind Maranto's patrol car. Although Maranto
describes the actions of Appellant's vehicle, any traffic violations Appellant may have committed
are not visible on the videotape. At trial, Maranto described the failure of Appellant's vehicle to
maintain a single lane while following the patrol car. Maranto further demonstrated and explained
the movement of Appellant's vehicle in a drawing for the jury. Appellant did not object to
Maranto's testimony or to the drawing. Because the fact that Appellant failed to maintain a single
lane was sufficiently proved by Maranto's testimony, the admission of that portion of Maranto's
commentary of events occurring while Appellant's vehicle was behind Maranto's patrol car does not
affect Appellant's substantial rights. See Matz, 21 S.W.3d at 912-13. Therefore, the trial court's
error is harmless and does not constitute reversible error. Accordingly, we overrule Appellant's sole
issue as it relates to the trial court's admission of inadmissible hearsay evidence.


Conclusion

 Based upon our review of the record, we conclude that the trial court committed error in
admitting Maranto's commentary on the audio portion of the videotape while following Appellant's
vehicle. However, we conclude that the trial court's error is harmless and does not constitute
reversible error. Accordingly, the judgment of the trial court is affirmed.


 SAM GRIFFITH 

 Justice



Opinion delivered November 26, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



















(DO NOT PUBLISH)
1. Tex. Pen. Code Ann. § 49.04 (Vernon 2003).