# NO. 12-08-00072-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT JESTER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Robert Jester appeals his conviction for criminal nonsupport. In two issues, Appellant asserts that his trial counsel was unconstitutionally ineffective and challenges the evidentiary basis of the trial court's assessment of restitution. We affirm in part and reverse in part.

### BACKGROUND

Appellant was charged by indictment with criminal nonsupport. Appellant pleaded guilty and was placed on deferred adjudication community supervision. The State later filed an application to proceed to final adjudication, alleging that Appellant had violated the terms of his community supervision. Appellant pleaded true to these allegations. The trial court found the allegations to be true, revoked Appellant's community supervision, found him guilty of criminal nonsupport, and sentenced him to confinement for two years. The court also ordered that Appellant pay $11,528.16 in restitution. This appeal followed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Appellant asserts that his trial counsel was unconstitutionally ineffective. Appellant bases his claim of ineffectiveness upon the fact that his appointed trial counsel initially acted as an assistant district attorney aiding in the prosecution of this case, and later was appointed as defense counsel in the case. According to Appellant, this change of representation during the course of Appellant's case created a conflict of interest rendering trial counsel ineffective.

**Standard of Review**

There is a potential for a conflict of interest when an attorney represents a defendant in a criminal case in which that attorney was formerly associated as a prosecutor. *See Perry v. State*, No. 04-05-00506-CR, 2006 WL 2616442, at *1 (Tex. App.–San Antonio Sept. 13, 2006, no pet.) (mem. op., not designated for publication). Such a conflict may arise based upon defense counsel's "subliminal reluctance" to "attack pleadings or other actions and decisions by the prosecution that he may have been personally involved with or responsible for." *See id.* When it is asserted that counsel was ineffective because of a conflict of interest, the proper standard of review is that which the United States Supreme Court articulated in *Cuyler v. Sullivan*. *Acosta v. State*, 233 S.W.3d 349, 352-53 (Tex. Crim. App. 2007); *see Cuyler v. Sullivan*, 446 U.S. 335, 348-50, 100 S. Ct. 1708, 1718-19, 64 L. Ed. 2d 333 (1980).

Under *Cuyler*, "the possibility of conflict is insufficient to impugn a criminal conviction." *Cuyler*, 446 U.S. at 350, 100 S. Ct. at 1719. Instead, "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance."[1] *Id.* "In other words, the appellant must show that an actual conflict of interest existed and that trial counsel actually acted on behalf of those other interests during the trial." *Acosta*, 233 S.W.3d at 355. An "actual conflict of interest" exists if counsel is required to make a choice between advancing his client's interests in a fair trial or advancing "other interests" to the detriment of his client's interests. *Id.* Such "other interests" can include counsel's personal interests. *Id.*

**Discussion**

Appellant states that trial counsel was initially associated with the prosecution of his case. Appellant argues that this fact, combined with trial counsel's actions in the revocation proceedings, provides evidence requiring reversal under *Cuyler*. Specifically, Appellant alleges that trial counsel "allowed [Appellant] to plead true to the [revocation] allegations without any sort of agreement," "presented no mitigating evidence other than a letter written by Appellant," and "questioned Appellant when he took the stand, but admitted that she had advised him not to testify."

The record in this case demonstrates that Appellant's trial counsel initially represented the State, on behalf of the district attorney's office, in Appellant's case. In that capacity, she signed four motions as part of the proceedings leading up to Appellant's initial guilty plea. These motions were filed on March 20, 2006. However, we cannot discern from the record the

---

[1] "[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Id.*, 446 U.S. at 349-50, 100 S. Ct. at 1719.

degree of trial counsel's involvement as a prosecutor in the case. *Cf. **People v. Lawson***, 644 N.E.2d 1172, 1184-85 (Ill. 1994) (attempting to determine counsel's level of involvement on behalf of the State from the appellate record).

On May 19, 2006, the trial court appointed trial counsel to serve as Appellant's attorney.[2] The record does not show whether trial counsel was aware of her previous involvement in Appellant's case. *See **Hole v. State***, No. 12-06-00207-CR, 2008 WL 726185, at *3 (Tex. App.– Tyler Mar. 19, 2008, pet. ref'd) (mem. op., not designated for publication) ("[C]ounsel's actions at trial could not have been affected or colored by his earlier representation of Wilson absent any awareness on [counsel's] part of his prior representation of Wilson."). Moreover, the record does not reveal whether Appellant was ever aware that trial counsel initially represented the State in his case.

After assuming her role as counsel for Appellant, trial counsel actively sought to discover evidence from the State. However, from the record before us, we cannot determine what evidence was discovered by trial counsel. Three months later, Appellant pleaded guilty and was placed on deferred adjudication community supervision. On December 29, 2006, the State filed an application to revoke Appellant's deferred adjudication community supervision and to proceed to a final adjudication of Appellant's case. The State alleged that Appellant had violated two terms of his community supervision by illegally consuming a controlled substance and by failing to report to his probation officer. The trial court appointed the same trial counsel to represent Appellant in the revocation proceeding.

The record before us does not reveal that an "actual conflict of interest existed and that trial counsel actually acted on behalf of those other interests during the trial." *See **Acosta***, 233 S.W.3d at 355. Instead, it simply shows a routine disposition that frequently occurs in criminal proceedings before trial courts: a decision to plead guilty. The fact that trial counsel "allowed [Appellant] to plead true to the [revocation] allegations without any sort of agreement" is not remarkable absent some other evidence to indicate that a plea was ill advised. As to the issue of mitigating evidence, trial counsel did present mitigating evidence at the revocation hearing in the form of Appellant's testimony. Absent more, her failure to present other mitigating evidence shows nothing. *See **King v. State***, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) ("Counsel's failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony."). Finally, the record reflects that Appellant chose to testify against the advice of his counsel. Trial

---

[2] The record does not reflect that trial counsel continued to represent the State after her appointment.

counsel's admission that she advised Appellant not to testify was in response to the trial court during its inquiry into Appellant's decision to testify. Trial counsel subsequently conducted a competent examination of Appellant despite his decision to ignore her advice and testify.

We conclude that Appellant has not shown an "actual conflict of interest existed and that trial counsel actually acted on behalf of those other interests during the trial." *See Acosta*, 233 S.W.3d at 355. Therefore, he has not shown that trial counsel was unconstitutionally ineffective. *See id.* Accordingly, we overrule Appellant's first issue.

## RESTITUTION

In his second issue, "Appellant argues that the amount of restitution ordered by the trial court had no factual basis in the record." Thus, Appellant argues that the trial court committed an abuse of discretion in assessing restitution in the amount of $11,528.16.[3]

**Standard of Review**

We review a trial court's restitution assessment under the abuse of discretion standard of review. *See Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. *Ingram v. State*, 261 S.W.3d 749, 752 (Tex. App.–Tyler 2008, no pet.) (citing *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007)). Further, the trial court's decision will be upheld on appeal if it is correct under any theory of law applicable to the case. *Ingram*, 261 S.W.3d at 752 (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)). This principle holds true even where the trial court has given an erroneous legal reason for its decision. *Ingram*, 261 S.W.3d at 752 (citing *Romero*, 800 S.W.2d at 543).

A trial court commits an abuse of discretion where the amount of restitution assessed is unjust. *Campbell*, 5 S.W.3d at 696. Further, the amount "must have a factual basis within the loss of the victim." *Id.* The record must include evidence showing that the assessed amount has a factual basis, and that the injuries of the victim justify the restitution amount. *See id.* A trial court may not assess restitution for an offense for which the defendant is not criminally responsible.[4] *Id.* at 697. Further, a trial court may not assess restitution to any but the victim or victims of the offense with which the offender is charged. *Id.* Finally, a trial court may not,

---

[3] Appellant does not challenge the trial court's authority to assess restitution. Instead, Appellant asserts that the trial court lacked the proper evidence to support its assessment.

[4] "One is never 'criminally responsible' for an amount of restitution." *Id.* at 698. Instead, criminal responsibility is assessed for the conduct that forms the basis for the trial court's discretionary award of restitution. *Id.*

4

without the agreement of the defendant, assess restitution to other victims unless their losses have been adjudicated. *Id.*

**Discussion**

The trial court's judgment includes an assessment of $11,528.16 in restitution, the amount originally assessed by the trial court as part of Appellant's deferred adjudication community supervision. The presentence investigation report showed that Appellant owed $11,528.16 as a result of his failure to pay child support. *See **Perry v. State***, 957 S.W.2d 894, 898-900 (Tex. App.–Texarkana 1997, pet. ref'd) (discussing admissibility of child support records); *see also* TEX. R. EVID. 803(8)(B) (setting forth exception to hearsay rule for public records, reports, statements, or data compilations). This report, however, failed to show the amount of child support owed by Appellant before his indictment for criminal nonsupport on February 2, 2006. Instead, the presentence report contains a financial activity report showing that, as of January 31, 2006, Appellant owed $10,216.51, which is $1,311.65 less than the trial court ordered. Of that $1,311.65, the undisputed evidence showed that at least $761.49 of the $11,528.16 was incurred after the indictment. We cannot determine the origin of the remaining $550.16. Finally, undisputed evidence was presented at the revocation hearing demonstrating that Appellant had made $643.33 in payments during the course of his community supervision. As such, restitution in the amount of $11,528.16 was without adequate evidentiary support in relation to matters for which Appellant has been adjudged criminally responsible. *See **Campbell***, 5 S.W.3d at 697 (trial court may not assess restitution for offense for which defendant not criminally responsible). *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon 2006) ("The judge shall enter the amount of restitution or reparation owed by the defendant on the date of revocation in the judgment in the case.").

We note that the trial court orally pronounced restitution of "$11,528.16, less any payments that have been made since August of 2006, that would have entitled the defendant credit on that number . . . ." *See **Weir v. State***, 278 S.W.3d 364, 365-66 (Tex. Crim. App. 2009). We have already explained that at least $761.49 of the $1,528.16 was incurred after the indictment and that we cannot determine the origin of another $550.16. Therefore, deducting the payments Appellant made during his community supervision ($643.33) does not cure the insufficiency of the evidence. Accordingly, we hold that the trial court abused its discretion in assessing $11,528.16 as restitution. *See **Campbell***, 5 S.W.3d at 696-97. We sustain Appellant's second issue.

## CONCLUSION

We have sustained Appellant's second issue. We ***reverse*** the judgment of the trial court, as it relates to restitution, and ***remand*** the case to that court for determination of the proper amount of restitution. *See **id.*** at 702 (applying a similar remedy). Having overruled Appellant's first issue, we ***affirm*** the judgment of the trial court in all other respects. All pending motions are overruled as moot.

**<u>SAM GRIFFITH</u>**
Justice

Opinion delivered January 20, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)
