NO. 12-08-00072-CR

 

                         IN
THE COURT OF APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER,
TEXAS

 

ROBERT
JESTER,                                              '                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                          '                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                          '                 SMITH COUNTY,
TEXAS







                                                        
                                         

                                                       MEMORANDUM
OPINION

            Robert Jester appeals his
conviction for criminal nonsupport.  In two issues, Appellant asserts that his
trial counsel was unconstitutionally ineffective and challenges the evidentiary
basis of the trial court’s assessment of restitution.  We affirm in part and
reverse in part.

 

Background

            Appellant was charged by indictment
with criminal nonsupport.  Appellant pleaded guilty and was placed on deferred
adjudication community supervision.  The State later filed an application to proceed
to final adjudication, alleging that Appellant had violated the terms of his
community supervision.  Appellant pleaded true to these allegations.  The trial
court found the allegations to be true, revoked Appellant’s community
supervision, found him guilty of criminal nonsupport, and sentenced him to
confinement for two years.  The court also ordered that Appellant pay
$11,528.16 in restitution.  This appeal followed. 

 

Ineffective
Assistance of Counsel

            In his first issue,
Appellant asserts that his trial counsel was unconstitutionally ineffective.  Appellant
bases his claim of ineffectiveness upon the fact that his appointed trial
counsel initially acted as an assistant district attorney aiding in the
prosecution of this case, and later was appointed as defense counsel in the
case.  According to Appellant, this change of representation during the course
of Appellant’s case created a conflict of interest rendering trial counsel
ineffective.

Standard of Review

            There is a potential for a
conflict of interest when an attorney represents a defendant in a criminal case
in which that attorney was formerly associated as a prosecutor.  See Perry v.
State, No. 04-05-00506-CR, 2006 WL 2616442, at *1 (Tex. App.–San
Antonio Sept. 13, 2006, no pet.) (mem. op., not designated for publication). 
Such a conflict may arise based upon defense counsel’s “subliminal reluctance”
to “attack pleadings or other actions and decisions by the prosecution that he
may have been personally involved with or responsible for.” See id. 
When it is asserted that counsel was ineffective because of a conflict of
interest, the proper standard of review is that which the United States Supreme
Court articulated in Cuyler v. Sullivan.  Acosta v.
State, 233 S.W.3d 349, 352-53 (Tex. Crim. App. 2007); see Cuyler
v. Sullivan, 446 U.S. 335, 348-50, 100 S. Ct. 1708, 1718-19, 64 L. Ed.
2d 333 (1980).  

            Under Cuyler, “the
possibility of conflict is insufficient to impugn a criminal conviction.” Cuyler,
446 U.S. at 350, 100 S. Ct. at 1719.  Instead, “a defendant must establish that
an actual conflict of interest adversely affected his lawyer’s performance.”[1]  Id. 
“In other words, the appellant must show that an actual conflict of
interest existed and that trial counsel actually acted on behalf of those other
interests during the trial.”  Acosta, 233 S.W.3d at 355.  An “actual
conflict of interest” exists if counsel is required to make a choice between
advancing his client’s interests in a fair trial or advancing “other interests”
to the detriment of his client’s interests.  Id.  Such “other
interests” can include counsel’s personal interests.  Id.  

Discussion
            Appellant states that trial counsel was initially associated with
the prosecution of his case.  Appellant argues that this fact, combined with
trial counsel’s actions in the revocation proceedings, provides evidence
requiring reversal under Cuyler.  Specifically, Appellant alleges
that trial counsel “allowed [Appellant] to plead true to the [revocation]
allegations without any sort of agreement,” “presented no mitigating evidence
other than a letter written by Appellant,” and “questioned Appellant when he
took the stand, but admitted that she had advised him not to testify.”

            The record in this case
demonstrates that Appellant’s trial counsel initially represented the State, on
behalf of the district attorney’s office, in Appellant’s case.  In that
capacity, she signed four motions as part of the proceedings leading up to
Appellant’s initial guilty plea.  These motions were filed on March 20, 2006.  However,
we cannot discern from the record the degree of trial counsel’s involvement as
a prosecutor in the case.  Cf. People v. Lawson, 644 N.E.2d 1172,
1184-85 (Ill. 1994) (attempting to determine counsel’s level of involvement on
behalf of the State from the appellate record).  

            On May 19, 2006, the trial
court appointed trial counsel to serve as Appellant’s attorney.[2]  The record
does not show whether trial counsel was aware of her previous involvement in
Appellant’s case.  See Hole v. State, No. 12-06-00207-CR, 2008 WL
726185, at *3 (Tex. App.–Tyler Mar. 19, 2008, pet. ref’d) (mem. op., not
designated for publication) (“[C]ounsel’s actions at trial could not have been
affected or colored by his earlier representation of Wilson absent any
awareness on [counsel’s] part of his prior representation of Wilson.”).  Moreover,
the record does not reveal whether Appellant was ever aware that trial counsel
initially represented the State in his case.  

            After assuming her role as
counsel for Appellant, trial counsel actively sought to discover evidence from
the State.  However, from the record before us, we cannot determine what
evidence was discovered by trial counsel.  Three months later, Appellant pleaded
guilty and was placed on deferred adjudication community supervision.  On
December 29, 2006, the State filed an application to revoke Appellant’s
deferred adjudication community supervision and to proceed to a final
adjudication of Appellant’s case.  The State alleged that Appellant had
violated two terms of his community supervision by illegally consuming a
controlled substance and by failing to report to his probation officer.  The
trial court appointed the same trial counsel to represent Appellant in the
revocation proceeding.

            The record before us does
not reveal that an “actual conflict of interest existed and that trial counsel
actually acted on behalf of those other interests during the trial.”  See Acosta,
233 S.W.3d at 355.  Instead, it simply shows a routine disposition that
frequently occurs in criminal proceedings before trial courts: a decision to
plead guilty.  The fact that trial counsel “allowed [Appellant] to plead true
to the [revocation] allegations without any sort of agreement” is not
remarkable absent some other evidence to indicate that a plea was ill advised. 
As to the issue of mitigating evidence, trial counsel did present mitigating
evidence at the revocation hearing in the form of Appellant’s testimony. 
Absent more, her failure to present other mitigating evidence shows nothing.  See
King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (“Counsel’s
failure to call witnesses at the guilt-innocence and punishment stages is
irrelevant absent a showing that such witnesses were available and appellant
would benefit from their testimony.”).  Finally, the record reflects that
Appellant chose to testify against the advice of his counsel.  Trial counsel’s
admission that she advised Appellant not to testify was in response to the
trial court during its inquiry into Appellant’s decision to testify.  Trial
counsel subsequently conducted a competent examination of Appellant despite his
decision to ignore her advice and testify.  

            We conclude that Appellant
has not shown an “actual conflict of interest existed and that trial counsel
actually acted on behalf of those other interests during the trial.”  See Acosta,
233 S.W.3d at 355.  Therefore, he has not shown that trial counsel was
unconstitutionally ineffective. See id.  Accordingly, we overrule
Appellant’s first issue.

 

Restitution

            In his second issue,
“Appellant argues that the amount of restitution ordered by the trial court had
no factual basis in the record.”  Thus, Appellant argues that the trial court
committed an abuse of discretion in assessing restitution in the amount of $11,528.16.[3]

Standard of Review

            We review a trial court’s
restitution assessment under the abuse of discretion standard of review.  See
Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999).  A
trial court does not abuse its discretion when its decision is within the zone
of reasonable disagreement. Ingram v. State, 261 S.W.3d 749,
752 (Tex. App.–Tyler 2008, no pet.) (citing Casey v. State, 215
S.W.3d 870, 879 (Tex. Crim. App. 2007)).  Further, the trial court’s decision
will be upheld on appeal if it is correct under any theory of law applicable to
the case.  Ingram, 261 S.W.3d at 752 (citing Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).  This principle
holds true even where the trial court has given an erroneous legal reason for
its decision. Ingram, 261 S.W.3d at 752 (citing Romero,
800 S.W.2d at 543).

            A trial court commits an
abuse of discretion where the amount of restitution assessed is unjust.  Campbell,
5 S.W.3d at 696.  Further, the amount “must have a factual basis within the
loss of the victim.”  Id.  The record must include evidence
showing that the assessed amount has a factual basis, and that the injuries of
the victim justify the restitution amount.  See id.  A trial
court may not assess restitution for an offense for which the defendant is not
criminally responsible.[4]
 Id. at 697.  Further, a trial court may not assess restitution
to any but the victim or victims of the offense with which the offender is
charged.  Id.  Finally, a trial court may not, without the
agreement of the defendant, assess restitution to other victims unless their
losses have been adjudicated.  Id.

Discussion

            The trial court’s judgment includes
an assessment of $11,528.16 in restitution, the amount originally assessed by
the trial court as part of Appellant’s deferred adjudication community
supervision.  The presentence investigation report showed that Appellant owed
$11,528.16 as a result of his failure to pay child support.  See Perry v.
State, 957 S.W.2d 894, 898-900 (Tex. App.–Texarkana 1997, pet. ref’d)
(discussing admissibility of child support records); see also Tex. R. Evid. 803(8)(B) (setting forth
exception to hearsay rule for public records, reports, statements, or data
compilations).  This report, however, failed to show the amount of child
support owed by Appellant before his indictment for criminal nonsupport on
February 2, 2006.  Instead, the presentence report contains a financial
activity report showing that, as of January 31, 2006, Appellant owed $10,216.51,
which is $1,311.65 less than the trial court ordered.  Of that $1,311.65, the undisputed
evidence showed that at least $761.49 of the $11,528.16 was incurred after the
indictment.  We cannot determine the origin of the remaining $550.16.  Finally,
undisputed evidence was presented at the revocation hearing demonstrating that
Appellant had made $643.33 in payments during the course of his community
supervision.  As such, restitution in the amount of $11,528.16 was without
adequate evidentiary support in relation to matters for which Appellant has
been adjudged criminally responsible.  See Campbell, 5 S.W.3d at
697 (trial court may not assess restitution for offense for which defendant not
criminally responsible).    See Tex.
Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon 2006) (“The judge
shall enter the amount of restitution or reparation owed by the defendant on
the date of revocation in the judgment in the case.”).  

            We note that the trial court
orally pronounced restitution of “$11,528.16, less any payments that have been
made since August of 2006, that would have entitled the defendant credit on that
number . . . .”  See Weir v. State, 278 S.W.3d 364, 365-66 (Tex.
Crim. App. 2009).  We have already explained that at least $761.49 of the
$1,528.16 was incurred after the indictment and that we cannot determine the
origin of another $550.16.  Therefore, deducting the payments Appellant made
during his community supervision ($643.33) does not cure the insufficiency of
the evidence.  Accordingly, we hold that the trial court abused its discretion
in assessing $11,528.16 as restitution.  See Campbell, 5 S.W.3d at
696-97.  We sustain Appellant’s second issue.

 

Conclusion

            We have sustained
Appellant’s second issue.  We reverse the judgment of the trial
court, as it relates to restitution, and remand the case to that
court for determination of the proper amount of restitution.  See id.
at 702 (applying a similar remedy).  Having overruled Appellant’s first issue,
we affirm the judgment of the trial court in all other respects. 
All pending motions are overruled as moot.

                                                                                    

Sam Griffith

                                                                                                Justice

 

Opinion
delivered January 20, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH


 
 
 
 
 
 
  
 
 
 
 
  
 


)









[1] “[A] defendant who shows that a
conflict of interest actually affected the adequacy of his representation need
not demonstrate prejudice in order to obtain relief.”  Id., 446
U.S. at 349-50, 100 S. Ct. at 1719. 

 





[2] The record does not reflect that
trial counsel continued to represent the State after her appointment.





[3] Appellant does not challenge the
trial court’s authority to assess restitution.  Instead, Appellant asserts that
the trial court lacked the proper evidence to support its assessment.





[4] “One is never ‘criminally
responsible’ for an amount of restitution.”  Id. at 698. 
Instead, criminal responsibility is assessed for the conduct that forms the
basis for the trial court’s discretionary award of restitution. Id.