**Mark Howard HUTCHINSON,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14-87-183-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 30, 1988.

Clyde F. DeWitt, III, Houston, for appellant.

John B. Holmes, Jr., Cathleen Herasimchuk, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

OPINION

JUNELL, Justice.

A jury found appellant guilty of aggravated sexual assault and assessed punishment, enhanced by two prior felony convictions, at thirty years in the Texas Department of Corrections.

In a single point of error appellant asserts the trial court erred in refusing to grant his request for a transcript of a prior trial of the same case. We affirm.

Appellant was indicted for the aggravated sexual assault of a pregnant young woman. The first trial resulted in a mistrial after the jury became deadlocked. The second trial began four days later. After two of the state's witnesses had testified in the second trial, appellant for the first time requested a transcript of the proceedings of the first trial in order to effectively cross-examine the state witnesses. Appellant appeals the trial court's denial of his request for the transcript.

There is no doubt that the state must provide an indigent defendant with a transcript of prior proceedings when the transcript is needed for an effective defense or appeal. *Britt v. North Carolina,* 404 U.S. 226, 227–228, 92 S.Ct. 431, 433–434, 30 L.Ed.2d 400 (1971). However, a defendant's request for a transcript must be made timely. *See Billie v. State,* 605 S.W.2d 558, 561–62 (Tex.Crim.App.1980).

In *Joel Kemp v. State,* 744 S.W.2d 243 (Tex.App.—Houston [14th Dist.] 1986, no pet.), this court recently affirmed the trial court's denial of a request to order preparation of a transcript of the complainant's direct examination testimony prior to the continuation of the trial. The *Kemp* trial commenced on September 2, 1986 and a recess was called on September 4, 1986 due to the hospitalization of the complainant. The defense counsel agreed to continue the trial for one or two weeks. The trial was resumed on September 15, 1986. Appellant did not file his Motion for Transcript until Friday, September 12, 1986. This court agreed that defense counsel was at a disadvantage in conducting cross-examination of

a complaining witness because of the ten day recess. However, this court held that appellant failed to exercise due diligence in making a timely request for a transcript.

If appellant had made a request for a transcript prior to the commencement of the second trial, the trial court would have been required to grant appellant's request, even if it meant the second trial had to be postponed. However, appellant failed to make his request until after the commencement of the second trial. We hold that his request was not timely. His right to a transcript was waived.

The judgment of the trial court is affirmed.