BRIDGES V. CITIBANK

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-081-CV

JACQUELINE BRIDGES APPELLANT

V.

CITIBANK (SOUTH DAKOTA) N.A. APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a summary judgment in favor of appellee Citibank (South Dakota), N.A.  Appellant Jacqueline Bridges challenges the summary judgment in five issues on appeal.  Because Bridges has failed to challenge one of the grounds upon which summary judgment was based, and because we overrule all of Bridges’ issues on appeal, we affirm.

Background Facts

On September 1, 2005, Citibank filed suit against Bridges in county court to recover $7,778.30 that it claimed Bridges owed on her credit card, plus attorney’s fees.  Bridges filed a pro se answer on September 26, 2005. 

Citibank then filed a motion for summary judgment on November 8, 2005, claiming that it was entitled to summary judgment as a matter of law based on (1) deemed admissions that had been included in its original petition, (2) attached business records affidavits showing that Bridges’ account balance with Citibank was $7,738.30, and (3) an affidavit from Citibank’s counsel averring that reasonable and necessary attorney’s fees would be $1,789.01 for trial, $1,500 for an appeal to this court, and $2,500 if a petition for review was filed in the supreme court. 

Bridges objected to two of Citibank’s affidavits under rules of evidence 803(6) and 901.  
Tex. R. Evid.
 803(6), 901.  She also filed an “Affidavit in Support of Opposition of Summary Judgment,” in which she averred, among other things, “[t]hat on July 11, 2005, [she] sent a billing dispute letter to [Citibank] disputing the balance on the statement for June 22, 2005, and that [Citibank] received the letter on July 15, 2005”; that she tried to resolve the matter, but Citibank refused to respond; and that she “do[es] not owe [Citibank] the money claimed on [the] account number.” 

After a hearing on February 22, 2006, the trial court granted Citibank’s motion for summary judgment, awarding Citibank $7,778.30, plus attorney’s fees and postjudgment interest.  During the hearing, the trial court noted that Citibank’s “motion for summary judgment in part is based on the deemed admissions as are set forth in the argument and legal authorities.  I hear no controverting affidavit, and there has been no request made to the Court to undeem any admissions.  Therefore, they are taken as true.”  However, the order granting summary judgment did not state the grounds upon which it was based. 

Standard of Review

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim.  
See 
Tex. R. Civ. P.
 166a(a), (c); 
MMP, Ltd. v. Jones
, 710 S.W.2d 59, 60 (Tex. 1986).  
When
 
reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  
IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004).

Analysis

When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling
, and its judgment rests upon more than one independent ground or defense asserted by the movant, 
the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made.  
Scott v. Galusha
, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).  
Bridges has not challenged the first ground raised in Citibank’s motion for summary judgment:  that Bridges did not answer the request for admissions included in its original petition; thus, the requests are deemed admitted under the rules of civil procedure.  
See
 
Tex. R. Civ. P.
 198.2(c).  However, out of an abundance of caution, we will review her issues on appeal.  
See Wheeler v. Green
, 157 S.W.3d 439, 442-44 (Tex. 2005) (reversing summary judgment based on deemed admissions that pro se plaintiff had failed to timely answer)
.

Bridges appears to contend that the complaint did not invoke the trial court’s jurisdiction, nor did it show that Citibank had standing.  Although she did not include this complaint in her questions presented, we will nevertheless address it because she briefed it.  
See
 
Tex. R. App. P.
 38.9.  Here, the amount in controversy was within the county court at law’s jurisdiction; thus, the trial court had subject matter jurisdiction over the dispute.  
See
 
Tex. Gov’t Code Ann.
 § 25.0003(c) (Vernon Supp. 2006).  The petition alleged that Bridges could be served in Lewisville, the return of service shows she was served at the address set forth in the petition, and Bridges made a general appearance by filing an answer without challenging personal jurisdiction.  Thus, the trial court also had personal jurisdiction over Bridges.  S
ee Von Briesen, Prutell & Roper, S.C. v. French
, 78 S.W.3d 570, 575 (Tex. App.—Amarillo 2002, pet. dism’d w.o.j.).  Finally, Citibank’s petition alleges that Bridges owes a debt to Citibank, which Citibank seeks to recover as damages, thereby establishing a controversy between the parties; thus, the petition shows Citibank’s standing.  
See Tex. Ass’n of Bus. v. Tex. Air Control Bd
., 852 S.W.2d 440, 446 (Tex. 1993).
(footnote: 2)  Accordingly, we overrule Bridges’ challenges to the trial court’s jurisdiction.

Bridges’ first and fourth issues complain about Citibank’s summary judgment affidavits from (1) Jaime Payne, an account representative of Citicorp Credit Services, Inc. (USA) (“CCSI”), servicer for Citibank in this case, to which were attached copies of monthly account statements and a copy of the Citibank credit card agreement, and (2) Terri Ryning, a Vice President of CCSI, averring that she is one of the record custodians for Citibank, that CCSI and Citibank are wholly owned subsidiaries of Citigroup, Inc., that by contract CCSI collects debts owed to Citibank on its credit card accounts, and that she has personal knowledge that Citibank acquired all of the assets of Associates National Bank (Delaware), the company Bridges originally acquired her credit card from, on January 2, 2002.  Bridges contends that by considering these affidavits as summary judgment evidence, the trial court presumed facts not in evidence because Payne and Ryning did not have personal knowledge of the making or transmitting of the account records.
(footnote: 3)
 Bridges misconstrues rule 803(6).  The predicate witness does not have to be the record’s creator or have personal knowledge of the contents of the record.  
In re K.C.P
., 142 S.W.3d 574, 578 (Tex. App.—Texarkana 2004, no pet.); 
cf. Brooks v. State
, 901 S.W.2d 742, 746 (Tex. App.—Fort Worth 1995, pet. ref’d & pet. dism’d).  The witness is only required to have personal knowledge of the manner in which the records were prepared.  
See
 
Tex. R. Evid.
 902(10)(a); 
K.C.P
., 142 S.W.3d at 578.  Here, Payne’s affidavit substantially conforms to the form of business records affidavit set forth in rule 902(10)(b).  
Tex. R. Evid.
 902(10)(b).  Ryning’s affidavit does not have any records attached; instead, it purports to show Ryning’s personal knowledge of how Citibank acquired Bridges’ account.  
See Humphreys v. Caldwell
, 888 S.W.2d 469, 470 (Tex. 1994) (orig. proceeding) (holding that affidavit must represent that facts are within personal knowledge of affiant).  Accordingly, we overrule Bridges’ first and fourth issues.

In her second issue, Bridges contends that the trial court cannot ignore her unrebutted, sworn testimony that she did not owe the debt to Citibank.  In her Affidavit in Support of Opposition to Summary Judgment, Bridges averred as follows:

5. That as of this date I do not know the exact terms and conditions of [Citibank’s] alleged agreement with me because [Citibank] has failed or refused to provide the original cardholder Agreement or an authenticated copy of the original.

6. That the unauthenticated cardholder agreement submitted by [Citibank] setting forth any alleged terms and conditions is not the agreement I received.

7. That the monthly statements submitted by [Citibank] are unauthenticated, inaccurate and not trustworthy.

. . . .

10. That I do not owe [Citibank] the money claimed on [the] account number [alleged].

Citibank argues that these statements are merely conclusory and, thus, cannot create a fact issue as to whether Bridges owes the debt.

Conclusory statements in affidavits are not proper summary judgment evidence if there are no facts to support the conclusions.  
El Dorado Motors, Inc. v. Koch
, 168 S.W.3d 360, 366 (Tex. App.—Dallas 2005, no pet.); 
Dolcefino v. Randolph
, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh’g).  Here, Bridges failed to provide any facts supporting her conclusion that she did not owe any money to Citibank; thus, her statements were insufficient to create a fact issue, and the trial court did not err by refusing to consider them.  
See James L. Gang & Assocs., Inc. v. Abbott Labs., Inc
., 198 S.W.3d 434, 439 (Tex. App.—Dallas 2006, no pet.).  We overrule Bridges’ second issue. 

In her third issue, Bridges claims that the trial court erred by accepting and admitting evidence from counsel as facts.  It is unclear exactly what Bridges is referring to.  The trial court heard argument on the motion from counsel, and it awarded attorney’s fees as set forth in counsel’s affidavit attached to the summary judgment motion.  The record does not show that counsel provided any testimonial evidence at the hearing on the motion.  
See
 
Tex. R. Civ. P.
 166a(c) (“No oral testimony shall be received at the hearing.”).  And an attorney who is acting as counsel in a case may testify as to the reasonableness and necessity of attorney’s fees.  
See McMillin v. State Farm Lloyds
, 180 S.W.3d 183, 210 (Tex. App.—Austin 2005, pet. denied) (“Whe[n] trial counsel’s testimony concerning attorney’s fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law.”); 
Tesoro Petroleum Corp. v. Coastal Ref. & Mkt’g, Inc
., 754 S.W.2d 764, 767 (Tex. App.—Houston [1st Dist.] 1988, writ denied).   Accordingly, we overrule Bridges’ third issue.

In her fifth issue, Bridges contends that the trial court invaded the province of the jury to evaluate the weight and sufficiency of the evidence.  Specifically, Bridges claims that Citibank violated the Truth in Lending Act by continuing to collect the debt after failing to respond to a billing dispute letter she sent to Citibank.  
See
 15 U.S.C.A. § 1666(a) (West 1998); 12 C.F.R. § 226.13(d)(1) (2006).  However, the only evidence in the record of such a letter is Bridges’ conclusory assertion in the affidavit in response to Citibank’s summary judgment motion “[t]hat on July 11, 2005, [she] sent a billing dispute letter to [Citibank] disputing the balance on the statement for June 22, 2005, and that [Citibank] received the letter on July 15, 2005.”  Bridges did not attach the letter or provide any facts about its contents.  Thus, there was no evidence from which the trial court could ascertain whether Bridges’ letter was sufficient to trigger the provisions of the Truth in Lending Act requiring Citibank to respond to Bridges’ letter before filing suit to collect the debt.  
See
 15 U.S.C.A. § 1666(a)(1)–(3).  Accordingly, we overrule Bridges’ fifth issue.

Conclusion

Having overruled Bridges’ issues, we affirm the summary judgment.

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: December 21, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Throughout her brief, Bridges cites federal authority as controlling the issues presented in this case.  However, although we may rely on federal authority as persuasive, we are not bound by it.  
Davenport v. Garcia
, 834 S.W.2d 4, 20 (Tex. 1992) (orig. proceeding); 
Westchester Fire Ins. Co. v. Admiral Ins. Co
., 152 S.W.3d 172, 183 (Tex. App.—Fort Worth 2004, pet. filed).

3:
In her first issue, Bridges also complains that the summary judgment evidence does not contain an authenticated copy of the cardholder agreement that identifies the parties.  But Bridges did not cite any authority for this complaint, so it is waived.  
See Reynolds v. Murphy
, 188 S.W.3d 252, 260 (Tex. App.—Fort Worth 2006, pet. denied).