COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-081-CV

 

 

JACQUELINE BRIDGES                                                         APPELLANT

 

                                                   V.

 

CITIBANK (SOUTH DAKOTA) N.A.                                            APPELLEE

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

This is an appeal from a
summary judgment in favor of appellee Citibank (South Dakota), N.A.  Appellant Jacqueline Bridges challenges the
summary judgment in five issues on appeal. 
Because Bridges has failed to challenge one of the grounds upon which
summary judgment was based, and because we overrule all of Bridges= issues on appeal, we affirm.








Background Facts

On September
1, 2005, Citibank filed suit against Bridges in county court to recover
$7,778.30 that it claimed Bridges owed on her credit card, plus attorney=s fees.  Bridges filed a pro se
answer on September 26, 2005. 

Citibank then filed a motion
for summary judgment on November 8, 2005, claiming that it was entitled to
summary judgment as a matter of law based on (1) deemed admissions that had
been included in its original petition, (2) attached business records
affidavits showing that Bridges= account balance with Citibank was $7,738.30, and (3) an affidavit
from Citibank=s counsel
averring that reasonable and necessary attorney=s fees would be $1,789.01 for trial, $1,500 for an appeal to this
court, and $2,500 if a petition for review was filed in the supreme court. 

Bridges objected to two of
Citibank=s affidavits under rules of evidence 803(6) and 901.  Tex.
R. Evid. 803(6), 901.  She also
filed an AAffidavit in
Support of Opposition of Summary Judgment,@ in which she averred, among other things, A[t]hat on July 11, 2005, [she] sent a billing dispute letter to
[Citibank] disputing the balance on the statement for June 22, 2005, and that
[Citibank] received the letter on July 15, 2005@; that she tried to resolve the matter, but Citibank refused to
respond; and that she Ado[es] not
owe [Citibank] the money claimed on [the] account number.@ 








After a hearing on February
22, 2006, the trial court granted Citibank=s motion for summary judgment, awarding Citibank $7,778.30, plus
attorney=s fees and postjudgment interest. 
During the hearing, the trial court noted that Citibank=s Amotion for
summary judgment in part is based on the deemed admissions as are set forth in
the argument and legal authorities.  I
hear no controverting affidavit, and there has been no request made to the
Court to undeem any admissions. 
Therefore, they are taken as true.@  However, the order granting
summary judgment did not state the grounds upon which it was based. 

Standard of Review

A plaintiff is entitled to
summary judgment on a cause of action if it conclusively proves all essential
elements of the claim.  See Tex. R. Civ. P. 166a(a), (c); MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  When reviewing a summary judgment, we
take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s favor.  IHS Cedars
Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004).

Analysis








When a trial court=s order granting
summary judgment does not specify the ground or grounds relied on for its
ruling, and its judgment rests upon more than one independent ground or defense
asserted by the movant, the aggrieved party must assign error to each ground,
or the judgment will be affirmed on the ground to which no complaint is
made.  Scott v. Galusha, 890
S.W.2d 945, 948 (Tex. App.CFort Worth 1994,
writ denied).  Bridges has not challenged the first ground raised in Citibank=s motion for summary judgment: 
that Bridges did not answer the request for admissions included in its
original petition; thus, the requests are deemed admitted under the rules of
civil procedure.  See Tex. R. Civ. P. 198.2(c).  However, out of an abundance of caution, we
will review her issues on appeal.  See
Wheeler v. Green, 157 S.W.3d 439, 442-44 (Tex. 2005) (reversing summary
judgment based on deemed admissions that pro se plaintiff had failed to timely
answer).








Bridges appears to contend
that the complaint did not invoke the trial court=s jurisdiction, nor did it show that Citibank had standing.  Although she did not include this complaint
in her questions presented, we will nevertheless address it because she briefed
it.  See Tex. R. App. P. 38.9. 
Here, the amount in controversy was within the county court at law=s jurisdiction; thus, the trial court had subject matter jurisdiction
over the dispute.  See Tex. Gov=t Code Ann. ' 25.0003(c) (Vernon Supp. 2006). 
The petition alleged that Bridges could be served in Lewisville, the
return of service shows she was served at the address set forth in the
petition, and Bridges made a general appearance by filing an answer without
challenging personal jurisdiction.  Thus,
the trial court also had personal jurisdiction over Bridges.  See Von Briesen, Prutell & Roper, S.C.
v. French, 78 S.W.3d 570, 575 (Tex. App.CAmarillo 2002, pet. dism=d w.o.j.).  Finally, Citibank=s petition alleges that Bridges owes a debt to Citibank, which
Citibank seeks to recover as damages, thereby establishing a controversy
between the parties; thus, the petition shows Citibank=s standing.  See Tex. Ass=n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993).[2]  Accordingly, we overrule Bridges= challenges to the trial court=s jurisdiction.








Bridges= first and fourth issues complain about Citibank=s summary judgment affidavits from (1) Jaime Payne, an account
representative of Citicorp Credit Services, Inc. (USA) (ACCSI@), servicer
for Citibank in this case, to which were attached copies of monthly account
statements and a copy of the Citibank credit card agreement, and (2) Terri
Ryning, a Vice President of CCSI, averring that she is one of the record
custodians for Citibank, that CCSI and Citibank are wholly owned subsidiaries
of Citigroup, Inc., that by contract CCSI collects debts owed to Citibank on
its credit card accounts, and that she has personal knowledge that Citibank
acquired all of the assets of Associates National Bank (Delaware), the company
Bridges originally acquired her credit card from, on January 2, 2002.  Bridges contends that by considering these
affidavits as summary judgment evidence, the trial court presumed facts not in
evidence because Payne and Ryning did not have personal knowledge of the making
or transmitting of the account records.[3]








Bridges misconstrues rule
803(6).  The predicate witness does not
have to be the record=s creator or
have personal knowledge of the contents of the record.  In re K.C.P., 142 S.W.3d 574, 578
(Tex. App.CTexarkana
2004, no pet.); cf. Brooks v. State, 901 S.W.2d 742, 746 (Tex. App.CFort Worth 1995, pet. ref=d & pet. dism=d).  The witness is only
required to have personal knowledge of the manner in which the records were
prepared.  See Tex. R. Evid. 902(10)(a); K.C.P.,
142 S.W.3d at 578.  Here, Payne=s affidavit substantially conforms to the form of business records
affidavit set forth in rule 902(10)(b).  Tex. R. Evid. 902(10)(b).  Ryning=s affidavit does not have any records attached; instead, it purports
to show Ryning=s personal
knowledge of how Citibank acquired Bridges= account.  See Humphreys v.
Caldwell, 888 S.W.2d 469, 470 (Tex. 1994) (orig. proceeding) (holding that
affidavit must represent that facts are within personal knowledge of
affiant).  Accordingly, we overrule
Bridges= first and fourth issues.

In her second issue, Bridges
contends that the trial court cannot ignore her unrebutted, sworn testimony
that she did not owe the debt to Citibank. 
In her Affidavit in Support of Opposition to Summary Judgment, Bridges
averred as follows:

5.     That
as of this date I do not know the exact terms and conditions of [Citibank=s]
alleged agreement with me because [Citibank] has failed or refused to provide
the original cardholder Agreement or an authenticated copy of the original.

 

6.     That
the unauthenticated cardholder agreement submitted by [Citibank] setting forth
any alleged terms and conditions is not the agreement I received.

 

7.     That
the monthly statements submitted by [Citibank] are unauthenticated, inaccurate
and not trustworthy.

 

. . . .

 

10.   That I
do not owe [Citibank] the money claimed on [the] account number [alleged].

 

Citibank argues that these statements are merely
conclusory and, thus, cannot create a fact issue as to whether Bridges owes the
debt.








Conclusory statements in
affidavits are not proper summary judgment evidence if there are no facts to
support the conclusions.  El Dorado
Motors, Inc. v. Koch, 168 S.W.3d 360, 366 (Tex. App.CDallas 2005, no pet.); Dolcefino v. Randolph, 19 S.W.3d 906,
930 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied) (op. on reh=g).  Here, Bridges failed to
provide any facts supporting her conclusion that she did not owe any money to
Citibank; thus, her statements were insufficient to create a fact issue, and
the trial court did not err by refusing to consider them.  See James L. Gang & Assocs., Inc. v.
Abbott Labs., Inc., 198 S.W.3d 434, 439 (Tex. App.CDallas 2006, no pet.).  We
overrule Bridges= second
issue. 








In her third issue, Bridges
claims that the trial court erred by accepting and admitting evidence from
counsel as facts.  It is unclear exactly
what Bridges is referring to.  The trial
court heard argument on the motion from counsel, and it awarded attorney=s fees as set forth in counsel=s affidavit attached to the summary judgment motion.  The record does not show that counsel
provided any testimonial evidence at the hearing on the motion.  See Tex.
R. Civ. P. 166a(c) (ANo oral testimony shall be received at the hearing.@).  And an attorney who is
acting as counsel in a case may testify as to the reasonableness and necessity
of attorney=s fees.  See McMillin v. State Farm Lloyds, 180
S.W.3d 183, 210 (Tex. App.CAustin 2005, pet. denied) (AWhe[n] trial counsel=s testimony concerning attorney=s fees is clear, positive and direct, and uncontroverted, it is taken
as true as a matter of law.@); Tesoro Petroleum Corp. v. Coastal Ref. & Mkt=g, Inc., 754 S.W.2d 764, 767 (Tex.
App.CHouston [1st Dist.] 1988, writ denied).   Accordingly, we overrule Bridges= third issue.

In her fifth issue, Bridges
contends that the trial court invaded the province of the jury to evaluate the
weight and sufficiency of the evidence. 
Specifically, Bridges claims that Citibank violated the Truth in Lending
Act by continuing to collect the debt after failing to respond to a billing
dispute letter she sent to Citibank.  See
15 U.S.C.A. ' 1666(a)
(West 1998); 12 C.F.R. '
226.13(d)(1) (2006).  However, the only
evidence in the record of such a letter is Bridges= conclusory assertion in the affidavit in response to Citibank=s summary judgment motion A[t]hat on July 11, 2005, [she] sent a billing dispute letter to
[Citibank] disputing the balance on the statement for June 22, 2005, and that
[Citibank] received the letter on July 15, 2005.@  Bridges did not attach the
letter or provide any facts about its contents. 
Thus, there was no evidence from which the trial court could ascertain
whether Bridges= letter was
sufficient to trigger the provisions of the Truth in Lending Act requiring
Citibank to respond to Bridges= letter before filing suit to collect the debt.  See 15 U.S.C.A. ' 1666(a)(1)B(3).  Accordingly, we overrule Bridges= fifth issue.








Conclusion

Having overruled Bridges= issues, we affirm the summary judgment.

 

 

PER CURIAM

 

PANEL F:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
December 21, 2006











[1]See Tex. R. App. P. 47.4.





[2]Throughout
her brief, Bridges cites federal authority as controlling the issues presented
in this case.  However, although we may
rely on federal authority as persuasive, we are not bound by it.  Davenport v. Garcia, 834 S.W.2d 4, 20
(Tex. 1992) (orig. proceeding); Westchester Fire Ins. Co. v. Admiral Ins. Co.,
152 S.W.3d 172, 183 (Tex. App.CFort Worth 2004, pet. filed).





[3]In
her first issue, Bridges also complains that the summary judgment evidence does
not contain an authenticated copy of the cardholder agreement that identifies
the parties.  But Bridges did not cite
any authority for this complaint, so it is waived.  See Reynolds v. Murphy, 188 S.W.3d
252, 260 (Tex. App.CFort
Worth 2006, pet. denied).