Opinion issued February
24, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00302-CR

———————————

RoDger George, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 185th District
Court

Harris County, Texas



Trial Court Case No. 1164608

 



 

 

MEMORANDUM OPINION

          After the jury convicted
appellant Rodger George of aggravated robbery, but was unable to agree on
punishment, the trial court granted a mistrial as to punishment. [1]  Thereafter, a new jury was impaneled,
appellant pleaded true to a prior conviction for robbery, and the jury assessed
punishment at imprisonment for 20 years.

          In three issues, appellant contends (1) the trial court
erred in denying a continuance to permit him to review the court reporter’s transcription
of the mistrial, (2) he was denied due process when the trial court refused to
permit testimony of juror misconduct, and (3) the evidence supporting the
guilty verdict was legally and factually insufficient.  We affirm.

Background

          Jennifer Dill
testified that when she drove into the parking lot early one morning at her job
at a dialysis clinic, she noticed a champagne‑colored car with shiny chrome
rims.  She thereafter saw a man get out
of the car, which she thought was unusual that early in the morning.

          As she walked
from the parking lot to the clinic, appellant pointed a gun at her and demanded
her purse.  Dill described the gun as old
and rust orange, with a long, narrow barrel. 
Appellant held the gun no more than a foot from her, and she got a good
look at appellant’s face.  She ran
screaming towards the clinic door as appellant yelled at her, and she was let into
the clinic by coworkers who also called 9-1-1. 
At trial, Dill identified appellant, a gun found in appellant’s car as
the gun that was pointed at her, and a photograph of appellant’s car as the car
she saw that morning.

          At trial, Sergeant
Jennifer Simpson of the Jacinto City Police Department, who responded to the
call, testified that Dill described the robber as a slender black male,
approximately six‑feet tall, with a one‑inch Afro style
hairstyle.  Dill told Sergeant Simpson
that the car she saw was a Plymouth Breeze and that appellant did not run back
to the car, but instead ran toward a nearby restaurant.

          A week later,
Dill saw the same car drive by the clinic. 
While Dill called 9‑1‑1, Christina Lewis, one of her coworkers
at the clinic, followed the car.  Responding
to the 9‑1‑1 call, Detective Dennis Walker came to the clinic and
was alerted that the car had been parked across the street.  Walker and another detective walked over to
the car in which they found a woman, later identified as Soeung Burleson,
waiting for the driver who had gone inside a nearby building.  Walker went into the building lobby and asked
who was driving the gold car parked outside, and the man who responded that it
was his car was the same man Walker identified at trial as appellant.

          After Walker requested
and obtained appellant’s identification, Walker ran the identification number
through the police dispatcher and was informed of outstanding arrest warrants for
appellant.  Once the warrants were
confirmed, appellant was arrested, an inventory search of the car was conducted,
and a gun was found in the glove compartment. 
Walker identified this gun at trial as the same gun Dill had identified.

          After
arresting appellant and searching the car, Walker spoke to Dill, who described
the man who robbed her as having a very short cut Afro hairstyle and gold
teeth.  Three weeks after the robbery, Dill
identified appellant in a photo spread.

          Soeung
Burleson testified that she was friends with appellant and described his car as
gold with distinctive chrome wheels.  She
identified a photograph of the car, which was the same photograph that Dill
identified at trial.  Burleson further testified
as to the gun in the glove compartment about which she told the police when appellant
was arrested.

          Dill’s
coworker, Christine Lewis, who witnessed the robbery, testified that the car
she saw on the morning of the robbery did not have multiple television screens
inside it.  She further stated that she
could not identify the robber or the car if she saw either again.

          Appellant’s
mother, Mary Joseph, testified at trial that the car appellant sometimes drove
was owned by her husband and appellant’s father, Rodney George, and that the
car was a 2002 Stratus with
multiple television screens. 
Moreover, appellant lived with her and her husband and, at the time of
the robbery, appellant was at her house. 
Lakeisha Freeman, the mother of appellant’s children, also testified that
appellant was home during the time of the robbery.

Analysis

A. 
Motion for Continuance

          In his first issue, appellant contends the trial court
erred by denying his motion for continuance of the second trial on punishment
so that he could obtain and review a transcription from the court reporter of
the prior mistrial.  In his written
motion for continuance, in his argument at the pretrial hearing, and in his
appellate brief, appellant cites cases recognizing a presumption that an
indigent defendant generally has a right to a transcription from a prior
proceeding and that the State bears the burden to show a lack of need for the
transcription.  See Britt v. North Carolina,
404 U.S. 226, 227, 92 S. Ct. 431, 433 (1971) (holding generally that state must
provide free transcript of prior proceeding to indigent defendant); Billie v. State, 605 S.W.2d 558, 560–61
(Tex. Crim. App. [Panel Op.] 1980) (holding, under Britt, that indigent defendant’s need for transcription from prior
proceeding is presumed and State bears burden to show lack of need); Armour v. State, 606 S.W.2d 891, 894
(Tex. Crim. App. [Panel Op.] 1980) (same); Brooks
v. State, 901 S.W.2d 742, 745 (Tex. App.—Fort Worth 1995, pet. ref’d)
(same).

          The only time appellant claimed he was indigent was in a
separate “motion for discovery of transcript.” 
He, however, was represented by retained counsel at trial and had
previously posted bond.  The record is
devoid of any evidence establishing indigence for the purpose of obtaining the
transcription.  Further, there is no record
that appellant paid or made payment arrangements with the court reporter to
transcribe the prior proceeding.

          The State cites this Court’s opinion in Easily v. State for the proposition that
a defendant is not entitled to a free transcription under Britt unless indigence is demonstrated.  Easily v.
State, 248 S.W.3d 272, 276–280 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d).  We agree that Easily applies and that appellant did
not demonstrate at trial that he was indigent or offered to pay for the
transcription.  See id. at 278 (noting
that indigence at trial is defined as “a person who is not financially able to
employ counsel”) (citing Tex. Code Crim.
Proc. Ann. art. 1.051(b) (West Supp. 2010)).  Accordingly, we overrule appellant’s first
issue.

B. 
Constitutional Due Process and Due Course of Law

          Appellant’s second issue contends he was denied constitutional
due process and due course of law when the trial court refused to permit
testimony of alleged juror misconduct.[2]  The trial court did allow appellant to make
an offer of proof during the hearing on his motion for new trial, in which a
juror testified that she felt verbally threatened by other jurors during the
deliberations on guilt‑innocence and that she became so frustrated that
she eventually voted to find appellant guilty. 
Appellant also filed an affidavit from the juror, which contained an
additional allegation that another juror said “a ‘hung’ jury would set
[appellant] free.”  At the hearing, the
trial court refused to consider a new trial based on Texas Rule of Evidence
606(b), which prohibits a juror from testifying “as to any matter or statement
occurring during the jury’s deliberations, or to the effect of anything on the
juror’s mind or emotions or mental processes.”

          On appeal, appellant “does not necessarily challenge the
verdict but contends the jury misconduct denied him a fair trial.”  Acknowledging that Texas Rule of Evidence
606(b) and case law prevent him from directly challenging the verdict, appellant
instead “argues the deliberation process was illegal; and as a consequence [he]
was denied due process.”  He cites one
case, the Supreme Court’s opinion in Matthews
v. Eldridge, 424 U.S. 319, 96 S. Ct. 893 (1976), and argues that procedural
due process requires that he be given “(1) notice of the ‘case against him;’
(2) the opportunity to be heard at a meaningful time and manner, before the
termination of a benefit; and (3) to include an evidentiary hearing.”

          At trial appellant raised no constitutional due‑process
or due‑course‑of‑law arguments, but argued instead that the
juror’s testimony was not barred by Texas Rule of Evidence 606(b) and that
Texas Rule of Appellate Procedure 21.3(g) required a new trial because the jury
“engaged in such misconduct that the defendant did not receive a fair and
impartial trial.”  Appellant’s
constitutional objections were therefore not preserved.  See
Hayes v. State, 124 S.W.3d 781, 786–87
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (citing Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)).[3]  We overrule appellant’s second issue.

C. 
Legal and Factual Sufficient of the Evidence

Appellant’s third issue contends the evidence is
legally and factually insufficient to support his conviction.  Our assessment of legal sufficiency must consider the entire
trial record to determine whether, viewing the evidence in the light most
favorable to the verdict, a rational jury could have found beyond a reasonable
doubt that the accused committed all essential elements of the offense.  Jackson v. Virginia, 443 U.S. 307,
318–19, 99 S. Ct. 2781, 2788–89 (1979); Drichas v. State, 175 S.W.3d
795, 798 (Tex. Crim. App. 2005); Burden v. State, 55 S.W.3d 608, 612
(Tex. Crim. App. 2001).  Our evaluation
must consider “all of the evidence in the record, both direct and
circumstantial, whether admissible or inadmissible.”  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999).  As it is the
jury’s function to resolve any conflict of fact, weigh any evidence, and
evaluate the credibility of any witnesses, we do not reevaluate the weight and
credibility of the evidence, but only ensure that the jury’s decision was rational.
 See id.; Adelman v.
State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992); see also Matson
v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993). 
We therefore resolve any inconsistencies in the evidence in favor of the
verdict, Matson, 819 S.W.2d at 843, and “defer to the jury’s credibility
and weight determinations.” Marshall v. State, 210 S.W.3d 618, 625 (Tex.
Crim. App. 2006). For challenges to the factual sufficiency of the evidence, we
also apply the Jackson v. Virginia standard
of review in the light most favorable to the verdict.  See
Green v. State, No. PD‑1685‑10 (Tex. Crim. App. Jan. 26, 2011); Brooks v. State, 323 S.W.3d 893, 894–95
(plurality op.), 926 (Cochran, J., concurring) (Tex. Crim. App. 2010).

          Appellant
argues that Dill’s testimony was contrary to the facts and other testimony at
trial in the following particulars: (1) she told Sergeant Simpson that
appellant had a one‑inch Afro, but appellant’s barber testified that his hair
was short and he had never seen appellant with an Afro; (2) Dill did not tell Sergeant
Simpson that appellant had gold teeth; and (3) Dill described appellant’s car
as a Plymouth Breeze, whereas Joseph described the car as a Stratus with
multiple television screens.  Appellant
also argues that Dill’s testimony that he got out of his car, committed the
robbery, and ran towards a restaurant, instead of his car, was illogical.  Finally, appellant points to the alibi
evidence from his family that he was sleeping at home at the time of the
robbery.

          Dill
unhesitatingly identified appellant in a photo spread and later again at
trial.  She identified the gun the police
found in appellant’s car as the one appellant pointed at her and also identified
appellant’s car.  Because we must resolve
any inconsistencies in the evidence in favor of the verdict and defer to the
jury’s credibility and weight determinations, we conclude that the jury reached
a rational decision in convicting appellant. 
See Marshall, 210 S.W.3d at 625; Matson, 819 S.W.2d at 843.  Accordingly we overrule appellant’s third
issue.

Conclusion

          We affirm the trial court’s judgment.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do not
publish.  Tex. R. App. P. 47.2(b).











 

[1]
          See Tex. Penal Code Ann. § 29.03 (West 2003).

 





[2]           See U.S. Const. amends. V, XIV, § 1; Tex. Const. art. I, § 15.





[3]           We note that the Tyler Court of Appeals has rejected
a constitutional challenge to Texas Rule of Evidence Rule 606(b).  See
Dunklin v. State, 194 S.W.3d 14,
19–20 (Tex. App.—Tyler 2006, no pet.) (citing Tanner v. United States, 483 U.S. 107, 126–28, 107 S. Ct. 2739,
2750–51 (1987) (Sixth Amendment challenge to Federal Rule of Evidence 606(b)).