

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00234-CR

———————————————

MAHYAR AREFI, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from County Criminal Court No. 5
Tarrant County, Texas
Trial Court No. 1473784

Before Gabriel, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant Mahyar Arefi appeals from his conviction for misdemeanor assault, causing bodily injury to a family or household member, and from his suspended 180-day sentence. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b). In three points, Arefi challenges the denial of his motion for new trial based on alleged inaccuracies in the Farsi translations occurring at trial, the admission of the complainant's hospital records, and the denial of his motion for mistrial during the State's closing arguments to the jury. Because none of these points raise reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

### A. THE OFFENSE

Mona Marzbani was married to Arefi; both are from Iran but they moved to Cincinnati, Ohio, after their marriage. Arefi's mother lived with them in Cincinnati. In August 2016, Marzbani and Arefi moved to Arlington, Texas. On September 5, 2016, the two began arguing, and Arefi pushed Marzbani to the ground, breaking her nose and causing bruising on both of her arms.

Marzbani did not call the police but she asked Arefi to take her to the hospital, which he did. Chris Chappell, a nurse who was managing patient flow at the emergency department, talked to Marzbani and Arefi. When Arefi would not allow Marzbani to answer any questions, Chappell asked Arefi to leave the room. Marzbani then told Chappell that Arefi had broken her nose and that she did not feel safe at

home. Chappell called the police who, after speaking to Marzbani and Arefi, arrested Arefi for assault.

## B. THE TRIAL

At trial, Arefi's defensive theory was that Marzbani was lying about what happened in an attempt to obtain United States citizenship as a domestic-violence victim and for financial reasons. Marzbani testified that Arefi forcefully pushed her to the ground and injured her in September 2016 and that he had similarly physically abused her three times when they were living in Cincinnati. Arefi testified that when Marzbani tried to leave their home during the September argument, he grabbed her purse, which caused her to stumble and fall.[1] Arefi's mother disputed Marzbani's testimony and her characterization of Arefi as an abuser.

The jury found Arefi guilty of the charged offense. The trial court sentenced him to 180 days' confinement, suspended the term of confinement, and placed him on community supervision for 18 months.

Arefi filed a motion for new trial, arguing that his constitutional rights were violated by the three Farsi interpreters' translation of three witnesses' trial testimony, including Marzbani's, resulting in the jury's inability to "hear an accurate version of the defendant's trial." At the trial court's hearing on the motion, Arefi introduced his

---

[1]When initially questioned by police, Arefi stated that Marzbani had accidentally fallen after tripping over a box. Later in the interview, Arefi stated that he had grabbed her purse and "may have" pushed her. Arefi denied that he told the officers Marzbani tripped.

own translation of selected portions of the trial testimony as Exhibit No. 2, which was based on what he heard after listening to CD recordings of the trial. Arefi argued to the trial court that the inaccurate translations affected the jury's ability to determine credibility: "In other words, is Mr. Arefi . . . the truthful person in this case or is Ms. Marzbani? . . . And the translator[s] messed it up." The trial court stated several rulings on the record at the end of the hearing:

> Here's what I think is important here. What concerns me a little bit about the Defendant's . . . Exhibit No. 2 is that some of the answers given are on here and some are not.
>
> We all will remember I believe that on the second day of trial [Tuesday, March 6,] Ms. Marzbani testified all day long. We had an interpreter. She testified in Farsi and on Thursday [March 8] when she was called back to the stand [by the State as a rebuttal witness] she spoke mainly in English. We had an interpreter there and that interpreter mostly just stood there.
>
> So I'm not really convinced that Ms. Marzbani didn't understand everything that was going on. So that's what concerns me about some of the answers not being in here in this exhibit.
>
> Mr. Arefi testified in English to this jury . . . who['s] the sole judge of credibility of witnesses, and they rejected his testimony. So there wasn't a question of understandability as far as he was concerned. And we all know that translations from one language to another can't always be exact.
>
> On the basis of the record and my recollection of the trial, I'm going to find that any errors that the translators made are not material to the overall presentation of the evidence to due process, to the right to confront witness[es,] and to present your defense at the trial. And, thus, the trial was not constitutionally defective.

The trial court denied the motion.

4

## II. DISCUSSION

### A. ACCURACY OF TRANSLATION

In his first point, Arefi argues as he did in the trial court that the inaccuracies in the translations, "*some*" of which were pointed out in his Exhibit No. 2, gave the jury incorrect impressions of three witnesses' testimony.[2] He posits that by failing to be "verbatim and complete," the translations denied him the right to fully confront and cross-examine those witnesses and to present his defense.

When a trial court appoints an interpreter under article 38.30(a), our standard of review depends on the complaint raised. *See* Tex. Code Crim. Proc. Ann. art. 38.30(a); *Garcia v. State*, 887 S.W.2d 862, 875 (Tex. Crim. App. 1994), *abrogated on other grounds by Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001); *Martins v. State*, 52 S.W.3d 459, 470 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.). Complaints arising from the appointment procedure or competency of an appointed translator are legal questions that are reviewable on appeal for an abuse of discretion. *See Baltierra v. State*, 586 S.W.2d 553, 557–58 (Tex. Crim. App. 1979) (op. on reh'g);

---

[2]To the extent he attempts to attack the competency of one or all of the interpreters by referring in his brief to article 38.30, requiring interpreters to have "adequate . . . skills," such an argument is inadequately briefed even if liberally construed. Tex. Code Crim. Proc. Ann. art. 38.30(a); *see* Tex. R. App. P. 38.9. Further, Arefi did not object to the interpreters' competency during the trial or as part of his motion for new trial, forfeiting this possible argument for our review. *See, e.g., Franco v. State*, No. 04-16-00090-CR, 2017 WL 781033, at *2 (Tex. App.—San Antonio Mar. 1, 2017, pet. ref'd) (mem. op., not designated for publication) (collecting cases).

*Franco*, 2017 WL 781033, at \*1; *Martins*, 52 S.W.3d at 470. But questions regarding alleged inaccuracies in a translation are issues of fact for the fact-finder that are not reviewable by this court. *See Garcia*, 887 S.W.2d at 875; *Calixto v. State*, 66 S.W.3d 505, 509–10 (Tex. App.—Austin 2011, pet. ref'd); *Martins*, 52 S.W.3d at 471; *Kan v. State*, 4 S.W.3d 38, 43 (Tex. App.—San Antonio 1999, pet. ref'd).

Arefi's complaint attacks alleged inaccuracies and omissions from the translations, which he claims led to the jury's failure to appropriately weigh those witnesses' credibility as compared to his own. Not only was Arefi's attempt to partially impeach the translations insufficient and incomplete, which the trial court noted at the new-trial hearing, we cannot review the highly fact-intensive and discretionary credibility determinations inherent in Arefi's argument. *See Green v. Stephens*, No. H-14-1017, 2015 WL 809569, at \*11 (S.D. Tex. Feb. 25, 2015) (mem. & op.); *Garcia*, 887 S.W.2d at 875; *State v. Andaverde*, No. 01-10-00697-CR, 2013 WL 3155929, at \*4 (Tex. App.—Houston [1st Dist.] June 20, 2013, no pet.) (mem. op., not designated for publication). "We, as an appellate court, can no more determine whether a translation is accurate or which of two translations is more accurate, than we can determine which of two witnesses is telling the truth, or which of the two is more truthful; these are questions for the factfinder." *Garcia*, 887 S.W.2d at 875. We overrule point one.

6

## B. ADMISSION OF HOSPITAL RECORDS

In his second point, Arefi argues that the trial court's admission of Marzbani's hospital records from September 5, 2016, through Chappell's testimony was an abuse of discretion because Chappell was not "qualified to sponsor" the records. He contends Chappell was not qualified because he was no longer employed by the hospital at the time of trial and, thus, was not a custodian of the records and because he could not verify the records' accuracy. We review the admission of evidence for an abuse of discretion. *See Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006).

Records of a regularly conducted activity, such as Marzbani's hospital records, are admissible as an exception to the hearsay rule if the required reliability conditions are "shown by the testimony of the custodian or another qualified witness." Tex. R. Evid. 803(6)(D).[3] To be considered qualified, the sponsoring witness must have personal knowledge of the manner in which the records were prepared. *See Brooks v. State*, 901 S.W.2d 742, 746 (Tex. App.—Fort Worth 1995, pet. dism'd & pet. ref'd) (op. on pet. for discretionary review). The witness need not have personal knowledge of the specific contents of the records sought to be admitted nor does he have to be the creator of the record or an employee of the business that holds the records. *See id.*

---

[3]Such records are considered admissible despite the hearsay rule if the records are accompanied by a compliant affidavit. *See* Tex. R. Evid. 803(6), 902(10). But the State concedes that although the hospital records were accompanied by a business-records affidavit, it cannot rely on this path to admissibility because it did not give Arefi the required 14-day notice. *See* Tex. R. Evid. 902(10)(A).

Although Chappell recognized that he was not the custodian of Marzbani's records, he testified that he was familiar with the records, that the hospital kept the records for seven years in the normal course of its business activities, that the records had been made for diagnostic purposes, and that the records had been created at or near the time of the alleged offense. The testimony demonstrated for the trial court that Chappell had sufficient knowledge of the trustworthiness of the proffered records such that we cannot say the trial court abused its discretion by admitting the records over Arefi's hearsay objection. *See Biggs v. State*, No. 06-18-00177-CR, 2019 WL 2017271, at *2 n.1 (Tex. App.—Texarkana May 8, 2019, no pet.) (mem. op., not designated for publication); *Brooks*, 901 S.W.2d at 746–47. We overrule point two.

## C. Jury Argument

In his third point, Arefi argues that the trial court abused its discretion by denying his motion for mistrial based on the State's allegedly improper jury argument: "[Arefi] has all the resources in the world compared to [Marzbani] . . . and he can talk his way through anything. And he's going to make her get up here and he's going to drag her through this. And he's going to make her relive all those instances over and over." Arefi objected that the argument attempted to penalize him for exercising his right to a jury trial. The State responded, "That's fair." The trial court sustained the objection and instructed the jury to disregard the argument, but it denied Arefi's motion for mistrial.

8

When the trial court denies a mistrial motion in response to allegedly improper jury argument, our question is whether the trial court abused its discretion by doing so. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Newby v. State*, 252 S.W.3d 431, 438 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Almost any improper argument may be cured by an instruction to disregard. *See Newby*, 252 S.W.3d at 438. Only extreme circumstances, such as when the prejudice arising from the argument is incurable, require a trial court to grant a mistrial. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). We weigh three factors to determine if the trial court abused its discretion in denying a mistrial: (1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *See Archie*, 221 S.W.3d at 700.

Here, the comment was not severe—any prejudicial effect arising from the comment was not of a large magnitude. The State did not stress the argument, and the prosecutor expressed his agreement with Arefi's objection. The trial court took swift action by instructing the jury to disregard the remark, and the prosecutor then immediately corrected any impropriety arising from his statement: "[Arefi] absolutely has a right to a fair trial. But when he has . . . committed a criminal offense, it's our turn to step in and get involved." And the State's case, based on Marzbani's and the arresting officers' testimony was not so weak that the State's isolated comment suggested a verdict on an improper basis. *See, e.g., Hendon v. State*, No. 14-08-00927-CR, 2010 WL 1956623, at *3 (Tex. App.—Houston [14th Dist.] May 18, 2010, no

pet.) (mem. op., not designated for publication); *Smith v. State*, No. 01-04-00604-CR, 2005 WL 824155, at *3 (Tex. App.—Houston [1st Dist.] Apr. 7, 2005, pet. ref'd) (mem. op., not designated for publication).

We conclude, after balancing the appropriate factors, that the trial court did not abuse its discretion by denying Arefi's mistrial motion. *See, e.g.*, *Hendon*, 2010 WL 1956623, at *3–4; *Smith*, 2005 WL 824155, at *2–3. We overrule point three.

## III. CONCLUSION

The trial court did not abuse its discretion by admitting Marzbani's hospital records through Chappell's testimony or by denying Arefi's motion for mistrial after the State's allegedly improper jury argument. We cannot review Arefi's attacks to the accuracy of the translations of several witnesses' testimony. Accordingly, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 22, 2019

10